IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VERA A. REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-621-HE |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff Vera Reed seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse and remand for further proceedings.[1]

I.   BACKGROUND

Ms. Reed applied for supplemental security income based on an alleged disability. Administrative Record at pp. 46-49 (certified July 10, 2007) ("Rec."). The SSA denied the application initially and on reconsideration. *Id*. at pp. 20-21. A hearing took place,[2] and the administrative law judge found that the Plaintiff was not disabled in light of her ability to perform past relevant work.[3] The Appeals Council declined jurisdiction,[4] and the present

---

[1]   The Court has referred the action to the undersigned for findings and recommendations on dispositive matters. Order Referring Matter to United States Magistrate Judge (June 1, 2007).

[2]   *See* Rec. at pp. 210-240.

[3]   Rec. at p. 18.

[4]   Rec. at pp. 4-6.

action followed. In part, Ms. Reed alleges legal error in the consideration of an agency physician's opinion.[5]

II.     STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). This determination is possible only when the SSA's findings are sufficient for meaningful judicial review. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (stating that without findings "supported by specific weighing of the evidence," the court could not "assess whether relevant evidence adequately support[ed]" the administrative law judge's ultimate conclusion).

III.    FAILURE TO DISCUSS DR. VARGHESE'S OPINION

Ms. Reed claims error in the consideration of an opinion by an agency physician, Dr. Sally Varghese. According to the Plaintiff, the administrative law judge ignored a portion of Dr. Varghese's opinion without explanation. Ms. Reed is correct.

    A.     <u>Duty to Discuss Agency Physicians' Opinions</u>

Under Social Security Ruling 96-6p, administrative law judges "may not ignore [the] opinions [of agency physicians] and must explain the weight given to the opinions in their

---

[5] Ms. Reed also urges other errors involving: (1) improper reliance on the vocational expert's testimony, (2) failure to discuss certain evidence, and (3) insufficient evidence to support the residual functional capacity ("RFC") findings. The Court need not address these contentions in light of the need for reversal on other grounds. *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (declining to address additional claims by the plaintiff because the error being discussed had "affected the disability analysis as a whole").

decisions."[6] Thus, the Tenth Circuit Court of Appeals has required administrative law judges to discuss and weigh the opinions of agency doctors.[7]

    B.    <u>Dr. Varghese's Opinion</u>

Dr. Varghese concluded that Ms. Reed had suffered from marked limitations in the ability to:

- understand, remember, and carry out detailed instructions, and
- interact appropriately with the general public.

Rec. at p. 191. The administrative law judge failed to discuss the limitation on interaction with the public.

At the conclusion of her report, Dr. Varghese rendered the following functional capacity assessment: "The claimant retains the ability to comprehend, remember and carry out simple one step instructions under routine supervision. She can relate to coworkers and supervisors regarding work activities on a superficial level. She can adapt to a work situation and routine." *Id.* at p. 192. The administrative law judge acknowledged this part of Dr.

---

[6]    Social Security Ruling 96-6p, Policy Interpretation Ruling Titles II and XVI: Consideration of Administrative Findings of Fact by State Agency Medical and Psychological Consultants and Other Program Physicians and Psychologists at the Administrative Law Judge and Appeals Council Levels of Administrative Review; Medical Equivalence, 1996 WL 374180, Westlaw op. at 2 (July 2, 1996); *see Nielson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir. 1993) ("The [SSA's] rulings are binding on an [administrative law judge]." (citation omitted)).

[7]    *See Shubargo v. Barnhart*, 161 Fed. Appx. 748, 753-54 (10th Cir. Dec. 13, 2005) (unpublished op.) (reversing based on the administrative law judge's failure to discuss an opinion by a state agency physician); *Tiger v. Apfel*, 141 F.3d 1186, 1998 WL 166246, Westlaw op. at 2 (10th Cir. Apr. 7, 1998) (unpublished op.) (holding that the administrative law judge's failure to "discuss and weigh" opinions by an agency psychologist constituted error).

Varghese's opinion and adopted it as part of the RFC assessment. *See id.* at p. 16. This assessment sufficiently accounted for Ms. Reed's marked inability to comprehend, remember, and carry out simple one-step instructions. But the administrative law judge failed to address Dr. Varghese's opinion involving the inability to deal with the general public.

The Tenth Circuit Court of Appeals addressed a similar issue in *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007). There an examining doctor assessed the plaintiff's mental RFC. *See Haga v. Astrue*, 482 F.3d at 1207. The doctor concluded that the claimant had suffered from moderate limitations in the ability to:

- understand, remember, and carry out detailed instructions,
- deal with the general public,
- interact appropriately with supervisors and coworkers, and
- respond appropriately to workplace pressures and changes.

*Id.* The administrative law judge's RFC assessment reflected some of the limitations, but not others. The appeals court stated:

> By including in his RFC determination that [the claimant] was limited to "simple, repetitive tasks" with "only incidental contact with the public" and "no requirement for making change," the [administrative law judge] apparently accepted that [the claimant] [was] not able to "[u]nderstand and remember detailed instructions," "[c]arry out detailed instructions," or "[i]nteract appropriately with the public," all categories that [the state agency physician] marked as moderately impaired.

*Id.* at 1208 (citations omitted). But the judge failed to explain his rejection of the limitations involving the plaintiff's ability to deal with supervisors, coworkers, and workplace pressures and changes. *Id.* As a result, the Tenth Circuit Court of Appeals concluded "that the [administrative law judge] should have explained why he [had] rejected four of the moderate restrictions on [the physician's] RFC assessment while appearing to adopt the others." *Id.* (citation omitted).

*Haga* compels reversal and remand. As in *Haga*, the administrative law judge adopted some of the marked restrictions assessed by the agency physician. But without explanation, the judge failed to address Dr. Varghese's limitation involving Ms. Reed's ability to deal with the general public. The *Haga* court held that such selectivity constitutes reversible error, and the same is true here. *See Frantz v. Astrue*, __ F.3d __, 2007 WL 4328794, Westlaw op. at 3-4 (10th Cir. Dec. 12, 2007) (reversing for reconsideration of mental RFC evidence under *Haga* when the administrative law judge had discussed some of the limitations identified by a doctor, but had omitted others without any explanation).

IV.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse and remand for further proceedings.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is January 17, 2008. *See* W.D. Okla. LCvR 72.1. The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th

Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

V.      STATUS OF THE REFERRAL

The referral is terminated.

Entered this 27th day of December, 2007.

_____
Robert E. Bacharach
United States Magistrate Judge